UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | PLAINTIFF |
| | ) | |
| v. | ) | No. 4:16CR00170-01 SWW |
| | ) | |
| | ) | |
| ROY LEE BOLES JR. | ) | DEFENDANT |

**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF SUPPRESSION**

The Defendant, Roy Lee Boles Jr., by and through his attorney, Nicole Lybrand, respectfully submits this Supplemental Brief in Support of Suppression.

**I.    The Officer testified he stopped the vehicle for violating the windshield obstruction statute**

During the suppression hearing, Officer Haley[1] testified unequivocally that the probable cause for stopping the vehicle was that the cracked windshield violated the windshield obstruction statute. Specifically, he testified:

> Defense counsel: And what statute would you submit allows you to stop a car for a cracked windshield?
> Officer Haley: There is a windshield obstruction statute. I don't have my code book in front of me, but it's like 27-something.
> Defense counsel: So it's the windshield obstruction statute, is what you ---
> Officer Haley: It's that, and there is one in reference to an obstructed driver's view. I don't know what the actual statute is. I believe it's called "obstructed driver's view."

SUPPRESSION HEARING TR. at 17

---

[1] Officer Haley was the officer who initiated the stop of the vehicle in which Mr. Boles was a passenger.

The Government relied on *United States v. Davis*, 598 Fed. Appx. 472 (8th Cir. 2015), an unpublished opinion which relies on *Villanueva v. State*, 426 S.W. 3d 399 (Ark. 2013), in their briefing and in argument at the hearing, in support of their position that a cracked windshield provided probable cause for the stop. *Villanueva* is distinguishable from the facts of this case and, therefore, does not control. In *Villanueva* the officer testified that he stopped the vehicle because the crack—that went all the way across the windshield—violated Arkansas Code Annotated 27-32-101,[2] a statute that prohibits operating a vehicle that is not in safe mechanical condition.

In Mr. Boles's case, Officer Haley testified that he stopped the vehicle not for a violation of the safe mechanical equipment statute, but instead for violating a windshield obstruction statute.[3] This is the first distinguishable point from *Villanueva*, in which the

---

[2] The statute reads:
- **(a)**
  - **(1)** No person shall drive or move any vehicle subject to registration on any highway in this state unless the equipment on the vehicle is in good working order and adjustment as required for the vehicle's safe operation and unless the vehicle is in safe mechanical condition as not to endanger the driver, other occupants of the vehicle, or any other person.
  - **(2)**
    - **(A)** Any law enforcement officer having reason to believe that a vehicle may have safety defects shall have cause to stop the vehicle and inspect for safety defects.
    - **(B)** Should the officer determine that the vehicle is defective, he or she shall issue to the operator a safety compliance summons directing the operator to have the defect corrected.
- **(b)** Any certified police officer having reasonable cause to believe that a motor vehicle is unsafe or not equipped as required by law or that the motor vehicle equipment is not in proper adjustment or repair, may require the driver of the motor vehicle to stop and submit the vehicle to an inspection and test as may be appropriate.
- **(c)** In the event that the use of a vehicle in its present condition would, in the reasonable judgment of the officer, endanger the life of any member of the public, the officer may issue to the operator a citation for operating an unsafe vehicle and may require the vehicle to be parked at the owner's expense and not operated until it is made safe.
- **(d)** The intent of this section is to make the vehicle operator aware of any vehicle safety defects and to provide the operator a reasonable opportunity to make necessary repairs without requiring the issuance of a citation which may result in the levying of fines and court costs.

[3] In *Giron v. City of Alexander*, 693 F.Supp. 2d 904, Judge Eisele addressed the windshield obstruction statute in great detail and concluded that the objects at issue in the case being hung from cars' rear-view mirrors did not constitute windshield obstructions. *Id*. Nor did the flag stickers placed on a back windshield. *Id*.

officer stopped, and the Court analyzed and ultimately affirmed, the car pursuant to the mechanical equipment statute.

The Florida Supreme Court's opinion in *Hilton v. State*, addresses a similar fact pattern to Mr. Boles's. 961 So. 2d 284, 285 (Fla. 2007). In *Hilton*, the officer testified that he stopped the defendant due to a crack in his windshield. *Id*. at 286. The Florida Supreme Court held that the windshield obstruction statute was not violated by the cracked windshield and, although the state's safety of vehicle statute could have been violated by the cracked windshield if it rendered the vehicle in such unsafe condition as to endanger any person or property, here, as the trial court found the crack did not render the defendant's vehicle unsafe, the officer did not have a "particularized and objective basis" under the Fourth Amendment, the stop was illegal, and all fruits of it were suppressed. *Id*. 287-299.

**II.   Even if the Officers' mistake of law was reasonable, [4] the state of the vehicle does not rise to the level required to violate Arkansas Code Annotated 27-32-101**

---

[4] Mr. Boles concedes that the Eighth Circuit follows the minority rule that an officer can make an objectively reasonable mistake of law and still have a legal basis for a stop, however, Mr. Boles maintains that the Court's holdings in this area are erroneous. Mr. Boles submits that the other (majority) circuits are correct in holding that a mistake of law by an officer cannot provide probable cause for a stop. *See Giron v. City of Alexander*, 693 F.Supp. 2d 904, 949 fn. 234. (*U.S. v. McDonald*, 453 F.3d 958 (7th Cir. 2006)("We agree with the majority of circuits to have considered the issue that a police officer's mistake of law cannot support probable cause to conduct a stop"); *U.S. v. Tibbetts*, 396 F.3d 1132, 1138 (10th Cir 2005)("[F]ailure to understand the law by the very person charged with enforcing it is not objectively reasonable"); *U.S. v. Chanthasouxat*, 342 F.3d 1271, 1279 (11th Cir. 2003)("a mistake of law cannot provide reasonable suspicion or probable cause to justify a traffic stop"); *U.S. v. Twilley*, 222 F.3d 1092, 1096 (9th Cir. 2000)("a belief based on a mistaken understanding of the law cannot constitute the reasonable suspicion for a constitutional traffic stop"); *U.S. v. Miller*, 146 F.3d 274, 279 (5th Cir. 1998)(where the officer was mistaken about law "no objective basis for probable cause justified the stop")). Mr. Boles, however, does recognize that the district court is bound by the law of its circuit.

Perhaps most importantly, in *Villaneuva*, the crack ran the length of the entire windshield—a point of ultimate consequence in the Court's holding. "We hold that under the facts of this case, a windshield with a crack **running from roof post to roof post across the driver's field of vision** is the type of 'safety defect' contemplated by section 27-32-101(a)(2)(A)." *Id*. (emphasis added). *Also see, United States v. Davis*, 598 Fed. Appx. 472, 473 (8th Cir. 2015) (holding sufficient probable cause to stop a vehicle based on a windshield cracked "all the way across the top and bottom of the glass.") Here, Officer Haley testified "the initial crack was probably a foot or so, and then it splintered off. So probably 18 inches to 2 feet, something like[5]."[6] SUPPRESSION HEARING TR. at 9. Even if this Court were to hold that Officer Haley stopping the vehicle for violating the windshield obstruction statute was a reasonable mistake of law, the evidence must still be suppressed because the crack in the windshield did not rise to such a level to make the vehicle a safety hazard.[7] Furthermore, in *Villanueva*, based on a picture of the windshield on the day of the alleged offense which was submitted to the Court (a piece of evidence which is lacking in this case), the Court held that the crack—which ran the length of the windshield from "roof post to roof post"— not only obstructed the driver's view but also impaired the structural integrity of the vehicle. *Id*. Here, the crack—as testified to by Officer Haley—was not large

---

[5] It should be noted that the officers' did not take any pictures of the vehicle. Officer Haley testified that he "vaguely" remembered from memory the length of the windshield crack. SUPPRESSION HRG. TR. at 18.

[6] Over defense counsel's objection, the Court allowed Officer Elenbaas, who arrived on the scene to assist after the vehicle was already stopped, to testify about why he would stop a vehicle for a cracked windshield. He stated, "generally it would be an obstruction of the driver's view of the traffic lanes and other vehicles in the roadway." In response to his recollection of the extent of the crack in the windshield at issue in this case, he stated, "I glanced at it…it was enough to be beyond visible, but anything beyond that, I don't know." SUPPRESSION HRG. TR. at 27.

[7] A point which is supported by the Officer's conduct in releasing the car to a family member of the driver and allowing her to drive it to her (albeit nearby) residence.

enough to violate the vehicle safety statute and there was absolutely no testimony by either officer that the crack impaired the structural integrity of the vehicle.

## CONCLUSION

Officer Haley did not have a legal basis to stop the vehicle in which Mr. Boles was a passenger. As a result, all fruits of the stop must be suppressed. For the foregoing reasons, Mr. Boles respectfully requests that this Court grant his Motion to Suppress, and grant him all other relief to which he is entitled.

        Respectfully submitted,

        JENNIFFER HORAN
        FEDERAL DEFENDER

By:   /s/ Nicole Lybrand
       Bar Number 2010215
       Nicole Lybrand
       Assistant Federal Defender
       The Victory Building, Suite 490
       1401 West Capitol Avenue
       Little Rock, AR 72201
       (501) 324-6113
       E-mail: Nicole_Lybrand@fd.org

For:   Roy Lee Boles Jr., Defendant

## CERTIFICATE OF SERVICE

  I hereby certify that on this 8th day of March, 2017, a true and correct copy of the foregoing was mailed to the Defendant, and was electronically filed with the Clerk of the Court using the CM/ECF system, which shall send notification to the following:

Hunter Bridges  
Assistant United States Attorney  
U.S. Attorney's Office  
Eastern District of Arkansas  
P.O. Box 1229  
Little Rock, AR 72203  
E-mail: hunter.bridges@usdoj.gov

                /s/ Nicole Lybrand  
                Nicole Lybrand