# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 4:16-CR-00170 SWW |
| | ) | |
| ROY LEE BOLES JR. | ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S SUPPLEMENT

The United States of America, through Patrick C. Harris, Acting U.S. Attorney for the Eastern District of Arkansas, and Hunter Bridges, Assistant U.S. Attorney, responds as follows.

Does it matter that a judge could determine that the cracks on Boles's windshield might not have obstructed his view *enough* to violate an Arkansas statute? And does it matter that Officer Haley doesn't know the precise name of the statute providing the basis for his stop? No and no.

A probable-cause determination isn't retrospective; that is, the ultimate merit of Boles's hypothetical ticket does not validate or invalidate Officer Haley's reasonable belief that a violation of Arkansas law was happening. A probable-cause determination is by definition not a merits determination. Whether Boles ultimately violated this particular statute is a matter of degree. Maybe the windshield was cracked enough. Maybe not. Either way, the answer is moot. The fighting question is whether the windshield was cracked enough that, at the time of the stop, it was objectively reasonable for Officer Haley to believe the driver was in violation of the statute.

A cracked windshield can violate the Arkansas safety-defect statute, ARK. CODE ANN. § 27-32-101(a)(2)(A). Especially when it involves a windshield cracked across the driver's field of vision. *United States v. Davis*, 598 Fed. Appx. 472, 473 (8th Cir. 2015) (unpublished). The Court credited Haley's testimony that this windshield had several cracks that were obstructing the driver's view. *S. T. at 8 and 34*. Haley testified the crack was between 18 inches and two feet

long. *S.T. at 9*. Haley said that, based on his knowledge and training, he believes it is against Arkansas law to drive a vehicle with a cracked windshield that obscures the driver's view. *S.T. at 8*. Haley is right. Under the circumstances, did he have probable cause? Of course. Might a court later find the evidence does not satisfy the safety-defect statute beyond a reasonable doubt? It is possible, but it does not matter.

Haley misnamed the statute, but there is no mistake of law here. It **is** a violation of Arkansas law to drive with an obstructed view caused by a crack. ARK. CODE ANN. § 27-32-101(a)(2)(A); *United States v. Davis*, 598 Fed. Appx. 472, 473 (8th Cir. 2015) (unpublished); *Villanueva v. State*, 426 S.W.3d 399, 402 (Ark. 2013). And Haley testified that this was why he pulled the car over. His failure to commit the codebook to memory is tangential to the cause determination. "A state trooper has probable cause to make a traffic stop even if he does not cite to the proper statute or use the precise language of the relevant statute at the time he makes the stop." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004); *see also United States v. Demilia*, 771 F.3d 1051, 1055 (8th Cir. 2014). How Florida law would treat Haley's stop is likewise inconsequential. There, a cracked windshield violates the law only if it "renders the vehicle in such unsafe condition as to endanger any person or property." *Hilton v. State*, 961 So.2d 284, 285 (Fla. 2007). That is not the standard here. In Arkansas, "[a]ny law enforcement having reason to believe that a vehicle may have safety defects shall have cause to stop the vehicle and inspect for safety defects." ARK. CODE ANN. § 27-32-101(a)(2)(A).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that Court deny Boles's motion to suppress.

Respectfully submitted,
PATRICK C. HARRIS
Acting United States Attorney

By:   /s/Hunter Bridges
HUNTER BRIDGES (2012282)
Assistant U.S. Attorney
P.O. Box 1229
Little Rock, AR  72203
(501) 340-2600
Hunter.Bridges@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on this 15th day of March 2017, a copy of the foregoing was electronically filed with the Clerk of the Court by and provided to counsel of record using the Case Management/Electronic Case Files (CM/ECF) system and/or mailed to those who are not users on the CM/ECF system:

　　　/s/ Hunter Bridges
　　HUNTER BRIDGES
　　Assistant United States Attorney