UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | PLAINTIFF |
| | ) | |
| v. | ) | No. 4:16CR00170-01 SWW |
| | ) | |
| | ) | |
| ROY LEE BOLES JR. | ) | DEFENDANT |

## DEFENDANT'S MOTION IN LIMINE

The Defendant, Roy Lee Boles Jr., by and through his attorney, Nicole Lybrand, respectfully moves *in limine* that this Honorable Court exclude any evidence pertaining to the pending state capital murder charge against Mr. Boles. In support of this motion, Mr. Boles states as follows:

1. The government filed an indictment charging Mr. Boles with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), after officers found a stolen firearm underneath the passenger seat of a car in which he was a passenger.

2. His federal case is set for jury trial beginning June 5, 2017.

3. Mr. Boles presently also has a capital murder charge pending in state court.

4. It is anticipated that the government will attempt to introduce evidence related to the pending state charge.

5. Mr. Boles requests that this Court prohibit the government from introducing any evidence, soliciting any testimony, or offering any information related to the pending state charge.

**Brief in Support**

**I.     The anticipated evidence is inadmissible because it is not relevant to the crime charged.**

"An important element of a fair trial is that a jury consider *only* relevant and competent evidence bearing on the issue of guilt or innocence[.]" *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (emphasis added). Evidence is considered relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401.

Here, the pending state charge has no logical bearing on Mr. Boles's federal charge of being a felon in possession of a firearm.  The two offenses are not similar in kind and they share no common elements.  The federal offense involves a simple possession charge, founded on the assertion that Mr. Boles, a felon, knowingly possessed a specific firearm (a Ruger, model P-95DC 9mm pistol, bearing serial number 31628529) on a specific date (March 19, 2016).  The state offense involves more aggressive and egregious conduct. Also, the state offense allegedly occurred after the federal offense, and the firearm at issue in Mr. Boles's federal case was confiscated by police when Mr. Boles was arrested on March 19, 2016.  So it is not even remotely suggested that the firearm at issue was used to commit the state offense.  Mr. Boles denies committing the state offense, and he has not been convicted.  As such, the anticipated evidence is not relevant to Mr. Boles's federal charge.

However, if the Court finds that the anticipated evidence is relevant, Mr. Boles further contends that the anticipated evidence's nominal probative value would be substantially outweighed by its prejudicial effect.

## II.     The anticipated evidence is inadmissible under Fed. R. Evid. 403.

Under Fed. R. Evid. 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Rule 403 requires the Court to conduct a balancing test to decide what is fair for the government versus what could potentially impair the defendant's right to a fair trial. *United States v. Clemons*, 503 F.2d 486, 491 (8th Cir. 1974) (acknowledging that "the danger of prejudice to the defendant due to admission of evidence of other crimes is always great.").

Under Rule 403, "unfair prejudice" means "an undue tendency to suggest decisions on an improper basis." *United States v. Betcher*, 534 F.3d 820, 825 (8th Cir. 2008). *See also United States v Thomas*, 791 F.3d 889, 895 (8th Cir. 2015) (noting that evidence is unfairly prejudicial if it tends to encourage the jury to find guilt from improper reasoning); Fed. R. Evid. 403 advisory committee's note (explaining that unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

In *Old Chief v. United States*, the Supreme Court of the United States elaborated on the meaning of the term "unfair prejudice" in the criminal context.  The Court stated that the term "unfair prejudice," as to a criminal defendant, "speaks to the capacity of some

3

concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." 519 U.S. 172, 180 (1997).

"[T]he risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment—creates a prejudicial effect that outweighs ordinary relevance." *Old Chief*, 519 U.S. at 181. (quoting *United States v. Moccia*, 681 F.2d 61, 63 (C.A.1 1982)).

Here, as proven, the anticipated evidence is not relevant to a jury's determination of whether Mr. Boles knowingly possessed a Ruger, model P-95DC 9mm pistol, bearing serial number 31628529 on March 19, 2016. Therefore, it serves no evidentiary purpose.

If, however, the Court finds that the anticipated evidence serves an evidentiary purpose, Mr. Boles maintains that the nominal value of the evidence is clearly outweighed by its prejudicial effect. If the Government is allowed to introduce evidence regarding the pending state capital murder charge there is a considerable risk that the jury will improperly deduce from the evidence that Mr. Boles is a bad person who deserves to be punished, whether or not he is actually guilty of the instant federal offense. Capital murder is a far more heinous, serious, and enthralling charge than a felon in possession of a firearm charge. The discussion of murder evokes a response within people and stirs their emotions. The word itself connotes fear, guilt, and punishment. As a result, the simple act of telling the jury that a capital murder charge is pending against Mr. Boles will irreparably impair his right to a fair trial. It is highly probable that any reference to the capital murder charge would tempt the jury to convict Mr. Boles of the federal offense even if the government fails to prove beyond a reasonable doubt that he possessed the firearm at issue.

Furthermore, there is a substantial danger that the anticipated evidence may mislead and confuse the issues for the jury. The issues relevant to Mr. Boles's federal charge would be overshadowed by the more alluring, graphic, and disturbing capital-murder charge. The jury may become distracted or chose ignore that this is a felon in possession of a firearm case—not a capital murder case. Also, the jury may want to get into issues pertaining to the capital murder charge, resulting in a trial within a trial. *See United States v. Condon*, 720 F.3d 748, 755 (8th Cir. 2013) ("Confusion of the issues warrants exclusion of relevant evidence if admission of the evidence would lead to litigation of collateral issues.").

Accordingly, this Court should prohibit the government from introducing any evidence, soliciting any testimony, or offering any information pertaining to the pending state capital murder charge.

## **Conclusion**

For the foregoing reasons, Mr. Boles respectfully request that his Motion in Limine be granted and for all other just and appropriate relief to which he may be entitled.

        Respectfully submitted,

        JENNIFFER HORAN
        FEDERAL DEFENDER

By:   /s/ Nicole Lybrand
      Bar Number 2010215
      Nicole Lybrand
      Assistant Federal Defender
      The Victory Building, Suite 490
      1401 West Capitol Avenue
      Little Rock, AR 72201
      (501) 324-6113
      E-mail: Nicole_Lybrand@fd.org

For:   Roy Lee Boles Jr., Defendant

## CERTIFICATE OF SERVICE

     I hereby certify that on this 28th day of April, 2017, a true and correct copy of the foregoing was mailed to the Defendant, and was electronically filed with the Clerk of the Court using the CM/ECF system, which shall send notification to the following:

Hunter Bridges
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Arkansas
P.O. Box 1229
Little Rock, AR 72203
E-mail: hunter.bridges@usdoj.gov

        /s/ Nicole Lybrand
        Nicole Lybrand