IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   No. 4:16-CR-170-SWW |
| | ) |
| ROY LEE BOLES JR. | ) |

**UNITED STATES' NOTICE OF INTENT TO PRESENT INTRINSIC EVIDENCE AND EVIDENCE PURSUANT TO RULE 404(b)**

The United States of America, through Patrick C. Harris, Acting United States Attorney for the Eastern District of Arkansas, and Hunter Bridges, Assistant U.S. Attorney, hereby gives formal notice of its intent to present at trial certain evidence intrinsic to the case, and additional evidence pursuant to Rule 404(b) of the Federal Rules of Evidence.

**BACKGROUND**

Roy Lee Boles, Jr., is charged with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g).  A car in which Boles was a passenger was stopped for a safety violation and searched after officers smelled and saw marijuana in plain view.  Beneath the passenger seat where Boles sat, and where an officer noticed Boles reaching, the officer found a stolen Ruger 9mm.

**DISCUSSION**

The United States hereby gives notice of its intent to present limited intrinsic evidence that the firearm in this case was stolen.  Further, the United States intends to present evidence, pursuant to Federal Rule of Evidence 404(b), of Boles's illegal possession of firearms on two other occasions and Boles's possession, brandishing, and discharge of a firearm just three weeks before his arrest in this case.  This testimony is offered to show Boles's intent, motive, and opportunity to possess the firearm in this case, his knowledge of its presence, and the absence of mistake in his possession of it.

Rule 404(b) provides in pertinent part:

> (b) **Crimes, Wrongs, or Other Acts.**
>
> (1) **Prohibited Uses.**  Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) **Permitted Uses; Notice in a Criminal Case.**  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

F.R.E. 404(b) (2013).  Evidence of prior bad acts under Rule 404(b)(2) is admissible as long as the prior bad act (1) is relevant to a material issue; (2) is similar in kind and not overly remote in time to the crime charged; (3) is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value.  *United States v. Banks*, 706 F.3d 901, 906-07 (8th Cir. 2013) (citing *United States v. Gaddy*, 532 F.3d 783, 789 (8th Cir. 2008)).

Rule 404(b) is a rule of inclusion rather than exclusion, and admits evidence of other crimes or acts relevant to any issue in the trial, unless it tends to prove *only* criminal disposition.  *United States v. Thomas*, 593 F.3d 752, 757 (8th Cir. 2010); *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006).  Thus, evidence of prior bad acts that is probative of the crime charged is not excluded under Rule 404(b).  *United States v. Heidebur*, 122 F.3d 577, 578 (8th Cir. 1997); *United States v. Wiley*, 29 F.3d 345, 350 (8th Cir.), *cert. denied*, 115 S.Ct. 522 (1994).  The trial court is given broad discretion in determining admissibility, *United States v. Wagoner*, 713 F.2d 1371, 1375 (8th Cir. 1983), and the Court's determination will not be disturbed unless the evidence in question had no bearing upon any of the issues involved.  *United States v. Crook*, 936 F.2d 1012, 1015 (8th Cir. 1991); *United States v. Marshall*, 683 F.2d 1212, 1215 (8th Cir. 1982).

I.      **Intrinsic Evidence: The Stolen Gun.**

The "stolen" status of the gun is intrinsic to the crime charged because it helps the jury "evaluate all of the circumstances under which the defendant acted." *United States v. Ceballos*, 789 F.3d 607, 620-21 (5th Cir. 2015). In the alternative, the United States submits this evidence is admissible under Rule 404(b) as evidence of Boles's knowledge and intent to possess the gun.

The fighting issue in this case is whether Boles knew the gun was in the car or whether instead he was a hapless passenger near a concealed pistol. This "mere presence" defense raises the question of the gun's ownership. Does the Ruger belong to the driver (Andrew Perry), to Boles, or to someone else? Whose gun is it? How might it have ended up in a car in March 2016 directly beneath Boles? Why would someone disclaim ownership of it? These questions, and their answers, are "inextricably intertwined" with Boles's possession of the gun, and "provide[] the context in which the charged crime occurred." *United States v. Ali*, 799 F.3d 1008, 1026-27 (8th Cir. 2015). Additionally, the United States anticipates the defense may attempt to introduce evidence that gun was in possession of someone other than Boles on the day of the car stop. This defense, that some unknown person hid the gun under the seat, further necessitates clarity on the gun's ownership. Informing the jury that the gun did not lawfully belong to any of the players in this case not only speaks to that defense, but "completes the story [and] provides a total picture of the crime charged." *Id; United States v. Rock,* 282 F.3d 584 (8th Cir. 2002) ("Rule 404(b) does not bar evidence that completes the story of the crime or explains the relationship of the parties or the circumstances surrounding a particular event.").

The gun's owner, Nicholas Tapley, will testify. The government anticipates his testimony will detail his purchase of the gun and transportation of the gun across state lines, as evidence that the firearm traveled interstate. But his testimony raises questions of how he drove the gun to

Arkansas in the spring of 2015, maintained possession of it until November of 2015, only for it to end up near Boles's feet not long afterwards. Did Tapley put the gun in Perry's car, or give the gun to Boles or Perry or someone else? Did he loan it to anyone? The government anticipates Tapley will testify to the limited facts that in November of 2015, someone took the gun from his property without his permission and the gun has remained out of his possession ever since. The police officer who found the gun will testify that he discovered the gun was stolen after reviewing a public record detailing that information. This information is necessary context, and its exclusion would leave the jury with more questions than answers, ultimately causing confusion.

This information is more probative than prejudicial. Evidence that the gun is stolen is not direct evidence that Boles possessed it. It does, though, make it more likely that Boles possessed it because it eliminates Perry and others as the legal owners. It provides Boles with another reason for distancing himself from the gun. And it fills substantial gaps in the evidence. The limited prejudice that might result is that the jury might impute the theft of the gun to Boles. The United States is amenable to a limiting instruction to mitigate that possibility. *Banks*, 706 F.3d at 907; *Thomas*, 583 F.3d at 1066; *Gaddy*, 532 F.3d at 790.

## II. Boles's Prior Convictions Involving Guns.

The United States intends to introduce evidence that on other occasions prior to the offense conduct alleged in this case, Boles illegally possessed guns. On two of those occasions, Boles possessed stolen guns. First, on October 15, 2013, Boles was charged with Residential Burglary and misdemeanor Theft of Property for stealing "playstation games, [a] backpack, & [a] shotgun" from a house in North Little Rock. Boles pleaded guilty to both counts. The United States intends to introduce certified copies of the charging document and judgment and commitment form. The United States may introduce evidence of Boles's statements to North Little Rock Police officers

about his involvement in the offense. Next, on December 30, 2013, Boles was charged with Residential Burglary and Breaking and Entering for stealing property including a "gaming system, camera, television, ipad, and pistol. . . " from a house in North Little Rock. Boles pleaded guilty to both of these counts. The United States intends to introduce certified copies of the charging document and judgment. The United States may also introduce evidence of Boles's statements to North Little Rock Police officers about his involvement in this offense.

Prior firearms offenses are relevant to the material issue of Boles's knowledge of the presence of a firearm and his intent to possess it. *See United States v. Halk*, 634 F.3d 482, 487 (8th Cir. 2011) ("Evidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent."); *see also United States v. Cornelison*, 717 F.3d 623, 627 (8th Cir. 2013) ("[A] defendant denies both knowledge and intent when he asserts the 'mere presence' defense – that he was present but did not know of the presence of illegal [activity].").

Second, the prior conviction evidence is similar in kind. Like the charged conduct here, Boles pleaded guilty to illegally possessing guns, i.e, being in possession of stolen guns, on two occasions less than three years prior to the offense conduct (Boles spent a portion of the intervening time in ADC custody). Nor are the convictions remote in time. "To determine if evidence is too remote, the court applies a reasonableness standard and examines the facts and circumstances of each case." *Halk*, 634 F.3d at 487. The three years between the prior convictions for stealing firearms is well short of the recognized marks. *United States v. Walker*, 470 F.3d 1271, 1275 (8th Cir. 2006); *United States v. Strong*, 415 F.3d 902, 906 (8th Cir. 2005).

Third, sufficient evidence supports the defendant's prior convictions. The defendant pleaded guilty to the offenses and the government has provided a certified copy of his convictions to defense counsel in discovery.

Last, any potential prejudice resulting from the introduction of these prior acts does not substantially outweigh its probative value. Again, a limiting instruction to the jury that they should only consider the evidence to decide issues of knowledge and intent, sufficiently mitigates that damage. *Banks*, 706 F.3d at 907; *Thomas*, 583 F.3d at 1066; *Gaddy*, 532 F.3d at 790. "The presence of a limiting instruction diminishes the danger of any unfair prejudice arising from the admission of other acts." *Lindsey*, 702 F.3d at 1099 (quoting *Halk*, 634 F.3d at 488). The United States agrees that, in this case, a limiting instruction would be appropriate at trial to reduce any potential unfair prejudice to the defendant." It should be noted, however, that because the defendant is charged with being a felon in possession of a firearm, less prejudice results from the introduction of the evidence regarding the defendant's prior conviction because the jury will already know (by stipulation) that the defendant is a convicted felon.

### III. Boles's Possession, Brandishing, and Discharge of Firearm.

The United States also intends to introduce limited evidence, pursuant to Rule 404(b), that on February 27, 2016, just three weeks **before** the alleged offense conduct, Boles possessed, brandished, and discharged a firearm. On that date, Boles allegedly robbed and shot two men after a drug transaction; one victim died, another was injured. The charges are pending in state court. The United States may introduce limited evidence, including eyewitness testimony, that on that date, Boles possessed, brandished, and discharged a weapon, striking two people. The United States intends to avoid discussion of the fatal outcome of the shooting. To be clear, the Government will not discuss that a murder occurred or discuss the fact that a pending capital case exists, but will only elicit testimony that Boles possessed, brandished, and discharged a weapon. *See, e.g., Halk*, 643 F.3d at 488 ("district court minimized the risk of unfair prejudice by

disallowing any mention of the word "murder" and restricting the government's description of the [offense].")

The probative value here is staggering. Boles's recent possession and discharge of a firearm speaks clearly to the material issue of his knowledge of the presence of a firearm and his intent to possess it. It provides a compelling motive for Boles to have a firearm at hand, and points to whether his possession in this case was a mistake or accidental. As before, a limiting instruction is appropriate to curb any unfair prejudice. Though given the limited nature of the evidence to be presented, it is hard to see where any unfair prejudice would outweigh the probative value, much less *substantially* so. This act is close in time, happening just three weeks before the car stop in our case.

## CONCLUSION

Boles's alleged possession of this gun does not exist in a vacuum. Context matters. Accordingly, the United States hereby gives notice of its intent to present the foregoing evidence in this case. The United States submits that the evidence is either intrinsic to the crime charged, or admissible pursuant to Federal Rule of Evidence 404(b) to show Boles's intent, motive, and opportunity to possess the firearm in this case, his knowledge of its presence, and the absence of mistake in his possession of it

PATRICK C. HARRIS
Acting United States Attorney

__/s/ Hunter Bridges_____
By: HUNTER BRIDGES
Assistant United States Attorney
AR2012282
Post Office Box 1229
Little Rock, Arkansas 72203
(501) 340-2600
Hunter.Bridges@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on this 22nd day of May, 2017, a copy of the foregoing was electronically filed with the Clerk of the Court by and provided to counsel of record using the Case Management/Electronic Case Files (CM/ECF) system and/or mailed to those who are not users on the CM/ECF system:

                                              __/s/ *Hunter Bridges* _____
                                              Assistant United States Attorney