**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:16CR00170 SWW |
| | ) | |
| **ROY LEE BOLES JR.** | ) | |
| | ) | |

## UNITED STATES OF AMERICA'S MOTION IN LIMINE

The United States of America, by and through its counsel, Patrick C. Harris, Acting United States Attorney for the Eastern District of Arkansas, and Hunter Bridges and Ali Ahmad, Assistant United States Attorneys, moves to exclude the following evidence and argument.

**I. IMPERMISSIBLE ARGUMENTS REGARDING SETTLED ISSUES & JURY NULLIFICATION**

The United States anticipates that the defendant may attempt to suggest, via argument or his questions, that the North Little Rock Police Department (NLRPD) officer who conducted the traffic stop of the defendant's car lacked a lawful purpose for the stop, or that the officer was motivated by an improper purpose (*e.g.*, the race of the car's occupants). This Court should preclude the defendant from making such arguments, as they would reopen a legal issue already decided by this Court and would encourage the jury to consider irrelevant factors when weighing the evidence in this case.

This Court has already ruled that the officer acted properly in conducting the traffic stop that led to Mr. Boles' arrest. Suggestion or argument by the defendant that the stop was improper would be irrelevant and unduly prejudicial because it would confuse the jury. The Eighth Circuit Court of Appeals recognized this principle in *United States v. Sanders*, 196 F.3d 910, 914 (8th Cir. 1999). There, the Eighth Circuit affirmed the district court's ruling preventing defense counsel from continuing "to cast doubt on the legality of the stop and search." Indeed, in *Sanders* the

Eighth Circuit further affirmed the district court's decision to instruct the jury that "[t]he Court has ruled as a matter of law that the stop of defendant's vehicle, the subsequent search ... and the seizure of the gun ... were all lawful acts of the law enforcement officer performing law enforcement duties." *Id*.  Similarly, as this Court has already ruled that the vehicle's cracked windshield gave the NLRPD officer probable cause to stop the vehicle, it should preclude the defendant from encouraging the jury to revisit the issue by suggesting the stop was improper or questioning the officer's motivation in making the stop.

Additionally, this Court should also exclude this sort of argument because it amounts to an attempt to suggest that the jury engage in jury nullification.  The Eighth Circuit Court of Appeals has held that a defendant is not entitled to an instruction permitting jury nullification, noting that "[t]o encourage individuals to make their own determinations as to which laws they will obey and which they will permit themselves as a matter of conscience to disobey is to invite chaos." *United States v. Drefke*, 707 F.2d 978, 982 (8th Cir. 1983).  To allow argument or suggestion that the officers acted improperly in stopping the defendant would be contrary to law and would encourage the jury to disobey the law based on some unpermitted factor, *i.e*., jury nullification. Accordingly, the defendant should be prohibited from making such arguments or otherwise encouraging the jury not to follow the law as received through instructions from the Court.

## II. ALLEGATIONS AND EVIDENCE REGARDING THE OWNER(S) OF THE FIREARM FOUND UNDER THE DEFENDANT'S SEAT

### A. Perry and Witness A's Statements are Inadmissible Hearsay

Defense counsel has provided the United States with an affidavit by Andrew Perry, the driver of the car in which the defendant was riding.  In the affidavit, Mr. Perry claims that at the time of the March 19, 2016 stop, he (Perry) told NLRPD officers that: (1) Boles had "no knowledge of the weapon;" and, (2) that the gun "belonged to Cedric Smith. [sic] Who previously placed the

weapon under Mr. Boles['] seat without his knowledge."

Defense counsel has also provided the United States with a 19-second video where an individual (discussed below as "Witness A") admits that he possessed a firearm he knew to be stolen, claims that his cousin and a friend (both unnamed) took the firearm, and states that he cannot claim the weapon because he (Witness A) cannot "take a gun charge." [1] In the video, which appears to be excerpted from a longer conversation, Witness A said that he acquired the firearm "today," suggesting that the video was filmed the same day as the events Witness A is discussing. The video appears to have been recorded outside during daylight hours, and while the video lacks a time or datestamp, the metadata of the file provided to the United States indicates that the file was created on March 22, 2016 – 3 days after the defendant's March 19, 2016 arrest.

Andrew Perry's written affidavit and Witness A's recorded statement are both inadmissible hearsay.  Fed. R. Evid. 801.  The statements were not given under penalty of perjury; therefore, Federal Rule of Evidence 801(d)(1)(A) does not apply.  To the extent the recordings contain out-of-court statements made by the witness offered for the truth of the matter asserted, they are hearsay and, therefore, inadmissible unless they otherwise fall within a recognized exception.  "In order for the statement to be admissible, each part of the combined statement must conform with an exception to the hearsay rule."  *United States v. Gianakos*, 404 F.3d 1065, 1076-7 (8th Cir. 2005).

Additionally, Witness A's statement is also inadmissible because the brief snippet provided to the United States does not demonstrate that this discussion is relevant to this case.  Witness A

---

[1] The video capturing Witness A's statement appears to have been taken without his knowledge. Although defense counsel has provided the United States with the individual's name, given that Witness A may retaliate against the unseen videographers for having created and circulated a video where he admits to crime, the United States is not identifying him by name in this filing.

never mentions Mr. Perry or Mr. Boles, there is no indication that he is discussing the firearm at issue in this case, and nothing in the video suggests that it was recorded on March 19, 2016. Indeed, the metadata for the file provided to the United States shows a creation date of March 22, 2016 – several days after the NLRPD found the firearm under Boles' seat – Witness A only discusses a firearm he bought "today," *i.e.*, the same day as the video. Additionally, the video appears to have been filmed in broad daylight and the defendant was stopped at 3:58 p.m. on March 19, 2016. Given that the stop and the defendant's arrest occurred late in the day, the fact that the video was filmed in broad daylight further suggests that it was not have been filmed on March 19, 2016, and that Witness A was thus discussing a different firearm than the one found under the defendant's seat. Accordingly, this video is not relevant to this matter and should be excluded.[2]

### B.    Potential Invocation of Fifth Amendment

In light of the statements from Mr. Perry and Witness A provided by defense counsel, the United States believes that the defendant may attempt to offer testimony from one or both of these witnesses at trial. Because these statements expose both Mr. Perry and Witness A to criminal liability, the United States requests that this Court confirm that they will not invoke their Fifth Amendment privilege before allowing them to testify.

Mr. Perry was a convicted felon prior to March 19, 2016. Accordingly, his admission that he knew that the firearm was in his car amounts to a confession that he knowingly possessed a firearm. Additionally, his affidavit alleges that he told the NLRPD officers that Cedric Smith owned the firearm found under the defendant's seat. In contrast, the NLRPD officers state that

---

[2] Additionally, even if Witness A was discussing the firearm found under the defendant's seat, his claim that he was the weapon's owner directly contradicts Perry's claim that the gun belonged to "Cedric Smith." Accordingly, neither statement has enough probative value to outweigh the unduly prejudicial and confusing effect their introduction would have on the jury. *See* Fed. Rule of Evid. 403.

Mr. Perry explicitly refused to name the gun's supposed owner, thereby exposing Mr. Perry to criminal liability under 18 U.S.C § 1519 for obstructing justice by authoring a false document. Similarly, Witness A's admission that he knowingly possessed a stolen firearm amounts to a confession that he violated, *inter alia*, 18 U.S.C. § 922(j). Additionally, if Mr. Perry and Witness A were to testify to the information in their statements, they would expose themselves to further criminal liability by affirming their inculpatory statements under oath.

Accordingly, if the defendant serves either Mr. Perry or Witness A with subpoenas to testify at trial, the United States requests that the Court address the issue of whether the witness intends to invoke his Fifth Amendment privilege outside the presence of the jury prior to any testimony. "[A] defendant does not have the right to call a witness to the stand simply to force invocation of the right against self-incrimination in the presence of the jury." *United States v. Doddington*, 822 F.2d 818, 822 (8th Cir. 1987). "Neither side has the right to benefit from any inferences the jury may draw simply from the witness' assertion of the privilege either alone or in conjunction with questions that have been put to him." *Id.* (quoting *United States v. Johnson*, 488 F.2d 1206, 1211 (1st Cir. 1973)); *see also United States v. Smart*, 501 F.3d 862 (8th Cir. 2007).

WHEREFORE, the United States respectfully requests that the Court grant its motion in limine.

                                              RESPECTFULLY SUBMITTED,

                                              PATRICK C. HARRIS
                                              Acting United States Attorney

                                              */s/     Ali I. Ahmad*
                                              _____
                                              ALI I. AHMAD
                                              Assistant U.S. Attorney
                                              Bar Number NY4428587

>HUNTER BRIDGES
>Assistant U.S. Attorney
>AR Bar 2012282
>P. O. Box 1229
>Little Rock, Arkansas 72203
>(501)340-2600
>ali.ahmad@usdoj.gov
>hunter.bridges@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Nicole Lybrand
Assistant Federal Public Defender
1401 West Capitol Avenue
Little Rock, AR 72201
(501) 324-6113
Nicole_Lybrand@fd.org

>*/s/ Ali. I. Ahmad*
>Ali I. Ahmad
>Assistant U.S. Attorney